Filed 6/30/25  P. v. Maeda CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MITCHELL MAEDA,<br><br>        Defendant and Appellant. | A172940<br><br>(Sacramento County Super. Ct. No. 05F09119) |

The trial court resentenced defendant Mitchell Maeda pursuant to a stipulation after the California Department of Corrections and Rehabilitation (CDCR) notified the court that defendant was eligible for resentencing under Penal Code section 1172.75.  (Pen. Code[1], § 1172.75).  In this appeal, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) summarizing the facts and asking the court to review the record to identify any issues warranting relief.  Defendant was advised of his right to file a supplemental brief, but failed to do so.  After our independent review of the record, we find no issues warranting further briefing and therefore affirm.

---

[1] All subsequent statutory references are to the Penal Code.

1

## BACKGROUND

After a 2007 jury trial, defendant was convicted of first-degree murder, felony vehicle theft, and robbery. In a bifurcated proceeding, the trial court found true two prior prison term allegations pursuant to section 667.5, subdivision (b).

The court sentenced defendant to an aggregate term of 28 years and 4 months to life, which consisted of a term of 25 years to life for murder and a consecutive determinate term of three years and four months. The determinate term consisted of the low term of 16 months for the vehicle theft count and two years for the two prior prison terms.[2]

In August 2023, having been informed by the CDCR that defendant was eligible for resentencing pursuant to section 1172.75, the trial court appointed counsel for defendant and ordered the district attorney to submit a brief setting forth its position on resentencing. The district attorney agreed that defendant was eligible for resentencing because his two one-year prison prior enhancements were no longer valid under section 1172.75, as his prior convictions were not for sexually violent offenses.[3]

On January 30, 2024, the parties agreed that defendant was eligible for resentencing and stipulated that the trial court should resentence defendant by striking the two invalid one-year enhancements from the previously-imposed determinate term, with "[a]ll other aspects of the original sentencing to remain as previously ordered." The court resentenced defendant

---

[2] The court ran the sentence on the robbery conviction concurrent to the sentence on the murder count and stayed it pursuant to section 654.

[3] Section 1172.75, subdivision (a) provides as follows: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

2

consistently with the parties' stipulation, although it also reduced the restitution and parole revocation restitution fines from $10,000 each to "[m]inimum fines and fees." The amended abstract of judgment filed the same date, however, erroneously set forth the $10,000 fines imposed at the original sentencing. Additionally, it repeated the original calculation of presentence credits rather than updating them for the time spent in custody since the original sentencing date.

On March 20, 2024, defendant timely filed a notice of appeal.

On October 7, 2024, defendant's counsel wrote to the trial court requesting an amended abstract of judgment reflecting the minimum fines and fees and the award of actual custody credits pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20, 29. In particular, counsel pointed out that defendant had served 732 actual days prior to his original sentencing, and from that date to the resentencing date was another 5,954 days. Defendant's counsel stated that the total award should therefore be 6,686 days.

On November 19, 2024, the trial court issued a written order and amended abstract of judgment reflecting the requested changes.

## DISCUSSION

The record demonstrates that the trial court sentenced defendant in a manner that was consistent with the parties' stipulation and section 1172.75. In addition, the amended abstract of judgment issued in November 2024 corrects the errors identified by defendant's counsel.

Having conducted an independent review of the record, we find no issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

3

BROWN, P. J.

WE CONCUR:

STREETER, J.
SIGGINS, J.*


*People v. Maeda*  (A172940)

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4